## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **TORY LENZO** | Case No. |
| **Plaintiff,** | |
| -against- | |
| | **COMPLAINT** |
| **CITY OF NEW YORK,** | PLAINTIFF DEMANDS |
| | TRIAL BY JURY |
| **Defendants.** | |

PLEASE TAKE NOTICE that Plaintiff, TORY LENZO (hereinafter "Plaintiff") by his attorneys, CRISCIONE RAVALA, LLP, as and for a Complaint against Defendant, CITY OF NEW YORK (hereinafter collectively, "Defendant"), alleges upon information and belief, as follows:

### I. NATURE OF THE ACTION

1.       This is an action by Plaintiff to recover as a result of the violation of civil rights under 42 U.S.C. §1983.

### II. JURISDICTION AND VENUE

2.       Jurisdiction in this Court is based on 42 U.S.C. §1983.

3.       Venue in this District is based upon 28 U.S.C. §1391(b)(1) and 28 U.S.C. §1391(b)(2) as Defendant resides in this district and acted under the color of state law.

### III. TRIAL BY JURY

4.       Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

### III. PARTIES

5.      At all relevant times herein, Plaintiff TORY LENZO ("Plaintiff") is an individual, and a resident of the State of Connecticut.

6.      At all relevant times herein Defendant The CITY OF NEW YORK (hereinafter "NYC" or "Defendant") is a municipality of the State of New York.

### IV. FACTS

7.      Plaintiff was in a relationship with his girlfriend, for approximately two years. from approximately early 2017 to late 2018.

8.      During the course of the relationship, Plaintiff and his girlfriend would communicate many times per day via phone call or text, commensurate with the normal practice of a dating couple.

9.      Plaintiff and his girlfriend lived in apartments in the same building as each other.

10.      During the relationship, Plaintiff's girlfriend slept most nights at Plaintiff's apartment and had full access to Plaintiff's apartment.

11.      In August 2018 Plaintiff and his girlfriend spent a long weekend with Plaintiff's family.

12.      On September 29, 2018 Plaintiff sent his girlfriend $1000 worth of flowers which she happily accepted.

13.      In early November 2018 Plaintiff and his girlfriend met and she told Plaintiff that her family was attempting to influence her file a restraining order against Plaintiff, but that she was trying to push against this idea.

14.      Because of this, on November 10, 2018 Plaintiff met with his girlfriend's father who is an attorney and the owner of two apartments in the same building as Plaintiff, though not

2

the Plaintiff's landlord. Plaintiff's girlfriend's father did not approve of Plaintiff and did not want him living in the same building as his daughter.

15.     Suddenly, on December 6, 2018 Plaintiff was arrested by NYPD officers.

16.     A temporary order of protection was issued against Plaintiff on December 7, 2018 whereby he was prohibited contact with his girlfriend.

17.     Plaintiff was charged with four criminal counts: stalking in the third degree, aggravated harassment in the second degree, stalking in the fourth degree, and harassment in the second degree.

18.     The arrest and subsequent charging and prosecution of the Plaintiff was based entirely on the statement of Plaintiff's girlfriend – mainly where she stated "On September 8, 2018, I asked the defendant to stop contacting me. For the next several days … I received approximately 15 phone calls per day from the defendant and approximately 100 text messages per day from the defendant."

19.     These allegations were untrue.

20.     Plaintiff was prosecuted based upon this information, and without utilizing phone records.

21.     Phone records, the most obvious way of verifying Plaintiff's girlfriend's story, show that her accusation was false. The City of New York did not verify any of the information with the phone records.

22.     Incredulously, in open court on May 8, 2019, it was indicated by Plaintiff's girlfriend's personal attorney that she objects to turning over phone records.  The prosecutors did not object to this, and instead pushed for discharge of the matter via a family ACD.

23.     Instead, the evidence provided was mainly screenshots provided by Plaintiff's girlfriend that were intentionally doctored in order to delete context and paint Plaintiff in a negative light. Plaintiff's girlfriend intentionally cropped a significant amount of text messages. Specifically, cropped text messages did not show the context of a conversation where Plaintiff and his girlfriend were arguing about her working for a specific person that Plaintiff felt had a bad character and Plaintiff wished to help her to avoid for her own safety.

24.     These cropped and altered screenshots were provided to Defendant as evidence in the criminal case. Defendant wrongfully accepted these screenshots as evidence.

25.     According to much caselaw, proper authentication of information from a cell phone must be done using MD5 Value Analysis in order to be considered proper evidence. This was never done by Defendant. It is believed that the failure to do this would have exonerated Plaintiff.

26.     Further, Defendant knew or should have known that the evidence was not remotely sufficient for a proper prosecution of the matter.

27.     The arrest and prosecution of the Plaintiff was done without evidence, without probable cause and with malice.

28.     Plaintiff is a known member of his community and a small business owner. The damage done to his reputation and to him financially can only be known fully in the years to come.

### V. FIRST CAUSE OF ACTION
### Malicious Prosecution Under 42 U.S.C. §1983

29.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 28 as though fully set forth herein.

30.     Defendant was directly and actively involved in the initiation of criminal proceedings against the Plaintiff.

31.     Defendant lacked probable cause to initiate criminal proceedings against Plaintiff. Defendant acted with malice in initiating criminal proceedings against Plaintiff.

32.     Defendant was directly and actively involved in the continuation of criminal proceedings against Plaintiff.

33.     Defendant lacked probable cause to continue criminal proceedings against Plaintiff.

34.     Defendant acted with malice in continuing criminal proceedings against Plaintiff.

35.     The criminal proceedings against Plaintiff were terminated via a family ACD on or about June 18, 2019.

## VI. SECOND CAUSE OF ACTION
### Malicious Abuse of Process Under 42 U.S.C. §1983

36.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35 as though fully set forth herein.

37.     Defendant issued legal process to place Plaintiff under arrest.

38.     Defendant caused Plaintiff to be arrested in order to obtain a collateral objective outside the legitimate ends of the legal process.

39.      Defendant acted with intent to do harm to Plaintiff without excuse or justification.

## VII. THIRD CAUSE OF ACTION
### Deprivation of Federal Civil Rights

40.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 39 as though fully set forth herein.

41.     All of the aforementioned acts of Defendant, its agents, servants and employees were carried out under color of state law.

42.     All of the aforementioned acts deprived Plaintiff of his rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. §1983.

43.     Defendant, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of its authority, which is forbidden by the Constitution of the United States.

44.      By these actions, Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. §1983, for which Defendant is liable.

## XI. REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief against Defendant:

1. Special and compensatory damages in an amount to be determined at trial;

2. Punitive damages in an amount to be determined at trial;

3. Reasonable attorneys' fees and costs;

4. Reasonable attorneys' fees, costs, and expenses to the extent allowably by law;

5. Awarding any such other relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.


Dated: New York, NY
        January 12, 2021

6

Respectfully Submitted

**CRISCIONE, RAVALA, LLP**

___ */s/ Galen Criscione*_____
Galen J. Criscione, Esq.
Criscione Ravala, LLP
*Attorneys for Plaintiff*
250 Park Ave., 7th Floor
New York, NY  10177
P: (212) 920-7142
F: (800) 583-1787
E: GCriscione@lawcrt.com