UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TORY LENZO,<br><br>Plaintiff.<br><br>-v-<br><br>CITY OF NEW YORK,<br><br>Defendant. | 21-CV-306 (JMF)<br><br>MEMORANDUM OPINION AND ORDER |

JESSE M. FURMAN, United States District Judge:

In this case, brought pursuant to 42 U.S.C. § 1983, Plaintiff Tory Lenzo brings claims against the City of New York arising out of his arrest and prosecution, including claims of malicious prosecution and malicious abuse of process. The City now moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the First Amended Complaint (the "Complaint"). For the reasons that follow, its motion is GRANTED.

**BACKGROUND**

The relevant facts — drawn from the Complaint, ECF No. 24 ("FAC"), and assumed to be true for purposes of this motion, *see, e.g.*, *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008); *Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013) — can be summarized briefly. Lenzo was arrested on December 6, 2018, and later charged with four crimes: "stalking in the third degree, aggravated harassment in the second degree, stalking in the fourth degree, and harassment in the second degree." FAC ¶¶ 15, 17. The arrest and charges were based on information that Lenzo's then-girlfriend had given to the New York City Police Department, namely that she had asked Lenzo to stop contacting her and, "for the next several days," she "received approximately 15 phone calls per day from [Lenzo] and approximately 100 text

messages per day from [Lenzo]." *Id.* ¶ 18. On or about June 18, 2019, the charges were dismissed pursuant to an adjournment in contemplation of dismissal or "ACD." *Id.* ¶ 35. On January 13, 2021, Lenzo brought the present suit in federal court. The Complaint brings three claims: for malicious prosecution, *see id.* ¶¶ 29-35; for malicious abuse of process, *see id.* ¶¶ 36-39; and for "deprivation of federal civil rights," *id.* ¶¶ 40-44 (capitalization altered). The Complaint names only one Defendant: the City. *See id.* ¶ 6.

## LEGAL STANDARDS

In evaluating the City's Rule 12(b)(6) motion, the Court must accept all facts set forth in the Complaint as true and draw all reasonable inferences in Lenzo's favor. *See, e.g.*, *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008) (per curiam). A claim will survive a Rule 12(b)(6) motion, however, only if the plaintiff alleges facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully," *id.*, and cannot rely on mere "labels and conclusions" to support a claim, *Twombly*, 550 U.S. at 555. If the plaintiff's pleadings "have not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570.

## DISCUSSION

The City moves to dismiss Lenzo's claims in part on the ground that he fails to plausibly allege the existence of a custom, policy, or practice, as required to establish municipal liability under Section 1983. *See* ECF No. 28 ("Def.'s Mem."), at 4-7 (citing cases). The Court need not,

and does not, address that argument because Lenzo's claims fail for a more basic reason: He fails to plausibly allege any underlying constitutional violation at all. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) ("Because the district court properly found no underlying constitutional violation, its decision not to address the municipal defendants' liability under *Monell* [*v. Department of Social Services*, 436 U.S. 658 (1978)] was entirely correct."); *Case v. City of New York*, 408 F. Supp. 3d 313, 333 (S.D.N.Y. 2019) ("As the Court finds no underlying constitutional violation, it need not reach the question of causation for municipal liability.").

The Court will address each of Lenzo's claims in turn.

**A. Malicious Prosecution**

Lenzo's first claim is for malicious prosecution. "In order to prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment and must establish the elements of a malicious prosecution claim under state law." *Manganiello v. City of New York*, 612 F.3d 149, 160-61 (2d Cir. 2010) (citations omitted). To state a claim of malicious prosecution under New York law, a plaintiff must allege (1) the initiation or continuation of a criminal proceeding against him; (2) termination of the proceeding in his favor; (3) lack of probable cause for commencing the proceeding; (4) actual malice as a motivation for Defendant's actions; and (5) a sufficient post-arraignment liberty restraint to implicate his Fourth Amendment rights. *McKay v. City of New York*, 32 F. Supp. 3d 499, 511 (S.D.N.Y. 2014) (citing *Manganiello*, 612 F.3d at 161; *Rohman v. New York City Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000)); *accord Nelson v. City of New York*, No. 18-CV-4636 (PAE), 2019 WL 3779420, at *10 (S.D.N.Y. Aug. 9, 2019). Thus, the existence of probable cause "is a complete defense" to a malicious prosecution claim. *Manganiello*, 331 F.3d at 161. "In cases where the police had probable cause to arrest, in order


to succeed on a malicious prosecution claim, a plaintiff must show that authorities became aware of exculpatory evidence between the time of the arrest and the subsequent prosecution that would undermine the probable cause which supported the arrest." *Moroughan v. Cnty. of Suffolk*, 514 F. Supp. 3d 479, 524 (E.D.N.Y. 2021) (internal quotation marks omitted).

Lenzo's malicious prosecution claim fails for at least two reasons. First, Lenzo has not, and cannot, plausibly allege the lack of probable cause. That is because the information from Lenzo's ex-girlfriend, without more, provided probable cause for his arrest and all of the charges brought against him. *See, e.g.*, *Curley v. Vill. Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) ("When information [regarding an alleged crime] is received from a putative victim or an eyewitness, probable cause exists . . . unless the circumstances raise doubt as to the person's veracity."); *see also Wahhab v. City of New York*, 386 F. Supp. 2d 277, 287 (S.D.N.Y. 2005) ("Probable cause will generally be found to exist when an officer is advised of a crime by a victim or an eyewitness."). Lenzo alleges that the information his ex-girlfriend gave the police was untrue, *see* FAC ¶¶ 18-19, but he fails to allege any circumstances that would or should have "raise[d] doubt as to [her] veracity," *Curley*, 268 F.3d at 70, either when he was arrested or when he was charged. At most, he faults the police and prosecutors for failing to "verify any of the information with the phone records." FAC ¶ 21. But it is well established that, once a law enforcement officer has probable cause, he "does not have to prove plaintiff's version wrong before arresting him. Nor does it matter that an investigation might have cast doubt upon the basis for the arrest." *Curley*, 268 F.3d at 70 (citation omitted); *see, e.g.*, *Caldarola v. Calabrese*, 298 F.3d 156, 168 (2d Cir. 2002) (noting that officers are "not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest" (citing *Ricciuti v. New York City Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997)). And Lenzo does not allege that the

probable cause "dissipated post-arrest," dooming his malicious prosecution claim. *Jimenez v. City of New York*, No. 15-CV-3257 (BC), 2016 WL 1092617, at *4 (E.D.N.Y. Mar. 21, 2016).

Second, and in any event, Lenzo does not, and cannot, plausibly allege that the proceedings terminated in his favor. It is well established in the Second Circuit that an adjournment in contemplation of dismissal does not constitute favorable termination for the purposes of a federal malicious prosecution claim. *See, e.g.*, *Rothstein v. Carriere*, 373 F.3d 275, 287 (2d Cir. 2004) (noting that an adjournment in contemplation of dismissal "extinguishes a malicious prosecution claim . . . not because the defendant has admitted guilt, but because it is a bargained-for dismissal of the criminal case" (citation omitted)); *Shain v. Ellison*, 273 F.3d 56, 68 (2d Cir. 2001) (affirming dismissal of a malicious abuse of prosecution claim because, "an adjournment in contemplation of dismissal is not considered to be a favorable termination"). Lenzo's argument to the contrary — relying on a state law governing the sealing of records in the event of an adjournment in contemplation of dismissal, *see* ECF No. 30 ("Pl.'s Mem."), at 11 — is squarely foreclosed by this binding precedent.

Accordingly, Lenzo's malicious prosecution claim fails as a matter of law.

**B. Malicious Abuse of Process**

Lenzo's next claim — for malicious abuse of process — can be dismissed even more easily. To state an abuse of process claim, a plaintiff must allege that the defendant "(1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse [or] justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Savino v. City of New York*, 331 F.3d 63, 76 (2d Cir. 2003). "Examples of the types of collateral objectives covered by the tort of malicious abuse of process include the infliction of economic harm, extortion, blackmail, and retribution."

*Johnson v. City of New York*, No. 15-CV-8195 (GHW), 2017 WL 2312924, at *18 (S.D.N.Y. May 26, 2017). Here, Lenzo merely asserts in conclusory fashion that the City "caused Plaintiff to be arrested in order to obtain a collateral objective outside the legitimate ends of the legal process." FAC ¶ 38. It is well established, however, that such a "threadbare recital[] of the elements of a cause of action, supported by mere conclusory statements, do[es] not suffice." *Iqbal*, 556 U.S. at 678. Accordingly, this claim must be and is dismissed.

**C. Other Claims**

The only other claim alleged in the Complaint is for the "deprivation of federal civil rights" and references, without elaboration, Lenzo's rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments. *See* FAC ¶ 42. But such a vague and general claim is plainly insufficient as a matter of law. *See, e.g.*, *McClean v. Cnty. of Westchester*, No. 17-CV-4492 (CS), 2018 WL 6329420, at *10 (S.D.N.Y. Dec. 3, 2018) (dismissing claims as legally "insufficient" where the complaint "summarily state[d]" that the defendants "violated [the plaintiff's] rights" under various Constitutional Amendments and noting it was "entirely unclear which of [the plaintiff's] rights under those Amendments he allege[d] were violated"); *Sforza v. City of New York*, No. 07-CV-6122 (DLC), 2009 WL 857496, at *12 (S.D.N.Y. Mar. 31, 2009) ("[T]he results of combining the myriad factual events described in the entirety of the complaint with the range of constitutional rights contained in this claim is that defendants do not have fair notice what the claim is and the grounds upon which it rests." (internal quotation marks omitted)). Moreover, the City moved to dismiss the claim in its motion to dismiss, *see* Def.'s Mem. 19-20, and Lenzo failed to respond to its arguments in his opposition, *see* Pl.'s Mem. Thus, the Court deems the claim to be abandoned. *See, e.g.*, *Felix v. City of New York*, 344 F. Supp. 3d 644, 654 (S.D.N.Y. 2018) ("Courts may, and generally will, deem a claim abandoned

when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed." (internal quotation marks omitted)).

While Lenzo nowhere addresses the "deprivation of federal civil rights" claim that *is* alleged in the Complaint, he does address one claim that is alleged nowhere in the Complaint — namely, a false arrest claim. *See* Pl.'s Mem. 11-12.[1] It is well established, however, "a party is not entitled to amend his pleading through statements in his brief." *Jacobson v. Peat, Marwick, Mitchell & Co.*, 445 F. Supp. 518, 526 (S.D.N.Y. 1977). In any event, a plaintiff may not bring a false arrest claim if there was probable cause to support the arrest, *see, e.g.*, *Betts v. Shearman*, 751 F.3d 78, 81 (2d Cir. 2014), and, as discussed above, there was probable cause here.

**CONCLUSION**

For the foregoing reasons, the motion to dismiss is GRANTED. Although leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), it is "within the sound discretion of the district court to grant or deny leave to amend," *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 447 (2d Cir. 2019) (internal quotation marks omitted). Here, the problems with Lenzo's claims are substantive, so amendment would be futile. *See, e.g.*, *Roundtree v. City of New York*, No. 19-CV-2475 (JMF), 2021 WL 1667193, at *6 (S.D.N.Y. Apr. 28, 2021). Moreover, Lenzo neither requests leave to amend nor suggests that he is in possession of facts that would cure the problems with his claims. *See, e.g.*, *Clark v. Kitt*, No. 12-CV-8061 (CS), 2014 WL 4054284, at *15 (S.D.N.Y. Aug. 15, 2014) ("A plaintiff need not be given leave to amend if he fails to specify how amendment would cure the pleading deficiencies

---

[1] Lenzo also asserts that the police and prosecutors "suppressed exculpatory evidence" or prosecuted him "based upon false and fabricated evidence." Pl.'s Mem. 11. These allegations, however, appear nowhere in the Complaint. Nor does he suggest that they are claims in themselves.

in his complaint."); *accord TechnoMarine SA v. Giftports*, Inc., 758 F.3d 493, 505-06 (2d Cir. 2014). Finally, the Court granted Lenzo leave to amend his original complaint and explicitly warned that he would "not be given any further opportunity to amend the complaint to address issues raised by the motion to dismiss." ECF No. 23; *see, e.g.*, *Transeo S.A.R.L. v. Bessemer Venture Partners VI L.P.*, 936 F. Supp. 2d 376, 415 (S.D.N.Y. 2013) ("Plaintiff's failure to fix deficiencies in its previous pleadings is alone sufficient ground to deny leave to amend *sua sponte*." (collecting cases)). Accordingly, the Court denies leave to amend the Complaint.

The Clerk of Court is directed to terminate ECF No. 27, to enter judgment in favor of the City, and to close this case.

SO ORDERED.

Dated: March 4, 2022
New York, New York

JESSE M. FURMAN
United States District Judge