```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
TORY LENZO,                                                      :
                                                                 :
                                Plaintiff,                       :
                                                                 :          21-CV-0306 (JMF)
                -v-                                              :
                                                                 :         MEMORANDUM OPINION
CITY OF NEW YORK,                                                :              AND ORDER
                                                                 :
                                Defendant.                       :
                                                                 :
-----------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Plaintiff Tony Lenzo brought this case against the City of New York (the "City") alleging claims of false arrest, malicious prosecution, and malicious abuse of process, among others, in connection with his December 6, 2018 arrest by New York City Police Department officers for allegedly stalking and harassing a woman he described at the time as his girlfriend. *See* ECF No. 24 ("Am. Compl."). On March 4, 2022, the Court granted the City's motion to dismiss all claims. *See Lenzo. v. City of New York*, No. 21-CV-306 (JMF), 2022 WL 656831 (S.D.N.Y. Mar. 4, 2022) (ECF No. 32). In brief, the Court found that there was probable cause for Lenzo's arrest and prosecution; that Lenzo could not establish "favorable termination" as required for a malicious prosecution claim because his arrest had resulted in an adjournment in contemplation of dismissal or "ACD"; and that his claims for malicious abuse of process and for violation of his rights under the "Fourth, Fifth, Eighth, and Fourteen Amendments" were too conclusory to pass muster. *Lenzo*, 2022 WL 656831 at *2-4. The City now moves, pursuant to Rules 11 and 54(d) of the Federal Rules of Civil Procedure and 42 U.S.C. § 1988, for sanctions, arguing that Lenzo's original Complaint, ECF No. 1, and Amended Complaint, ECF No. 24, were "entirely meritless." ECF No. 35 ("Def.'s Mem."), at 1. For the reasons that follow, the motion is denied.

As relevant here, "[a] pleading . . . violates Rule 11 . . . where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." *Ferguson v. Comm'r of Tax & Fin.*, 739 F. App'x 19, 21-22 (2d Cir. 2018) (summary order). "When considering whether to impose monetary sanctions [pursuant to Rule 11] based on meritless pleadings, the operative question is whether the argument is frivolous, i.e., the legal position has no chance of success, and there is no reasonable argument to extend, modify or reverse the law as it stands." *Id.* at 22 (cleaned up). "A claim is frivolous if it presents an 'indisputably meritless legal theory' or 'factual contentions [that] are clearly baseless.'" *Sibley v. Geraci*, 858 F. App'x 415, 417 (2d Cir. 2021) (summary order) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). Similarly, a prevailing defendant in a civil rights case is entitled to recover attorneys' fees under Section 1988 only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Fox v. Vice*, 563 U.S. 826, 833 (2011) (quoting *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). The Second Circuit has emphasized that "it is very rare that victorious defendants in civil rights cases will recover attorneys' fees" in order to "avoid chilling the initiation and prosecution of meritorious civil rights actions." *Sista v. CDC Ixis N. Am. Inc.*, 445 F.3d 161, 178 (2d Cir. 2006); *see also, e.g.*, *Tancredi v. Metropo. Life Ins. Co.*, 378 F.3d 220, 230 (2d Cir. 2004) (finding that a district court "abused its discretion" by awarding attorneys' fees to the defendant where "[h]indsight prove[d] that plaintiff's allegation . . . was very weak, but it was not completely without foundation"). Ultimately, a district court has broad discretion in deciding

whether to award sanctions under Rule 11 or fees pursuant to Section 1988.  *See Fox*, 563 U.S. at 838-39; *Perez v. Posse Comitatus*, 373 F.3d 321, 325-26 (2d Cir. 2004).[1]

Applying that discretion here, the Court declines to award sanctions or fees.  Lenzo's claims were certainly without merit.  But it does not follow that sanctions are warranted because "[t]he appropriateness of sanctions is distinct from the underlying merits of a claim," and sanctions pursuant to Rule 11 are appropriate "only in extraordinary circumstances."  *E. Gluck Corp. v. Rothenhaus*, 252 F.R.D. 175, 178-79 (S.D.N.Y. 2008); *see also Estevez v. Berkeley Coll.*, No. 18-CV-10350 (CS), 2022 WL 1963659, at *4-5 (S.D.N.Y. June 6, 2022) (noting that "the mere assertion of a losing argument" does not entitle a civil rights defendant to attorneys' fees; instead, the claims must be "so entirely meritless as to render this one of the rare cases in which awarding fees to defendants is appropriate").  Such circumstances are absent here.  For starters, although Lenzo's argument that an ACD should count as a "favorable termination" for purposes of a malicious prosecution claim was contrary to settled law at the time, the Court

---

[1] Because "the aim of Rule 11 is to minimize expenditure of judicial resources and encourage correction or withdrawal of defective documents, the Rule contains a safe-harbor provision requiring the moving party to first provide notice and a draft of the motion for sanctions to the non-moving party and provide them 21 days to cure."  *Sacerdote v. Cammack Larhette Advisors, LLC*, No. 17-CV-8834 (AT), 2022 WL 2078012, at *6 (S.D.N.Y. June 8, 2022) (citations omitted) (citing Fed. R. Civ. P. 11(c)(2)).  Here, the City served a safe harbor letter on Plaintiff's counsel with respect to the purported deficiencies in Lenzo's original Complaint, *see* ECF No. 35-2, but it did not do so with respect to the purported deficiencies in Lenzo's Amended Complaint, which was the subject of the City's motion to dismiss.  It is well established that "the filing of an amended pleading resets the clock for compliance with the safe harbor requirements of Rule 11(c)(2) before a party aggrieved by the new filing can present a sanctions motion based on that pleading to the district court."  *Lawrence v. Richman Grp. of CT LLC*, 620 F.3d 153, 158 (2d Cir. 2010); *see also Cohen v. Equifax Info. Servs., LLC*, No. 18-CV-6210 (JSR) (KHP), 2021 WL 4393129, at *4 (S.D.N.Y. Feb. 24, 2021) (rejecting a motion for sanctions because "a Rule 11 motion aimed at an initial complaint must be re-noticed upon the filing of an amended complaint"), *report and recommendation adopted*, 2021 WL 4392296 (S.D.N.Y. Sept. 24, 2021).  In light of that principle, Lenzo make a compelling argument that the City's motion must be denied on procedural grounds.  *See* ECF No. 37 ("Pl.'s Opp'n"), at 2-5.  But the Court need not and does not resolve the issue given its conclusions below.

cannot say that it was unreasonable — as reflected by the fact that the Supreme Court adopted a version of Lenzo's argument shortly thereafter. *See Thompson v. Clark*, 142 S. Ct. 1332 (2022); *see also, e.g.*, *Perez v. City of New York*, No. 20-CV-1359 (LJL), 2022 WL 4236338, at *13 (S.D.N.Y. Sept. 14, 2022) (concluding that, in light of *Thompson*, an ACD is a favorable termination). Moreover, although the Court found that there was probable cause for Lenzo's arrest and prosecution, Lenzo's argument that the officers should have been more skeptical of the victim's complaint was not frivolous to the extent that "no reasonable argument can be advanced." *Stern v. Leucadia Nat'l Corp.*, 844 F.2d 997, 1005 (2d Cir. 1988). In short, although Lenzo's claims and arguments in this case were certainly weak, and not sufficient to survive the City's motion to dismiss, the Court cannot conclude that it was "unreasonable, frivolous or vexatious" for Lenzo to bring his suit. *Opoku v. Cnty. of Suffolk*, 123 F. Supp. 3d 404, 418-19 (E.D.N.Y. 2015); *see also Hughes v. Rowe*, 449 U.S. 5, 15 (1980) ("As the Court noted in *Christianburg*, even if the law or the facts are somewhat questionable or unfavorable at the outset of the litigation, a party may have an entirely reasonable ground for bringing suit.").

The City suggests that sanctions are appropriate for another reason: based on "counsel's unprofessional conduct in submitting on a public docket an intimate photo of plaintiff and his ex-girlfriend." Def.'s Mem. 9; *see also* ECF No. 40, at 8. The Court is inclined to agree that, to the extent there was a need to file the photograph at all, Lenzo should have sought to file it under seal given that it depicts a third party to this litigation. That said, the failure to do so is not a basis for sanctions. For one, the City overstates the case in describing the photograph as intimate; it depicts Lenzo and his ex-girlfriend, fully clothed, from the shoulders up, apparently in bed with her dog. *See* ECF No. 30-11, at 56. For another, to the extent the City objected to public disclosure of the photograph, it could have and should have moved to seal or redact the

4

exhibit immediately upon its filing rather than waiting months to seek sanctions.  (In fact, the City *still* does not request that the photograph be removed from the docket.)  On that score, it is notable that the only authority cited by the City in the relevant portion of its brief, *see* Def.'s Mem. 10, is actually an opinion addressing a motion to seal, *see Gordon v. Nexstar Broad., Inc.*, No. 18-CV-00007, 2019 WL 2615753 (E.D. Cal. June 26, 2019).  Finally, and in any event, the City fails to establish that it provided notice to Lenzo pursuant to the safe harbor provisions of Rule 11(c) that it intended to seek sanctions in connection with the photograph.

In the final analysis, nothing distinguishes this case from the mine run of cases filed in this District every year in which aggrieved plaintiffs fail to state claims for the violation of their constitutional rights.  As the Second Circuit has stressed, courts must be cautious in awarding sanctions and fees in such cases to avoid "the potential chilling effect on section 1983 plaintiffs — who are the chosen instrument of Congress to vindicate a policy of the highest national priority."  *Rounseville v. Zahl*, 13 F.3d 625, 632 (2d Cir. 1994) (quoting *Christiansburg*, 434 U.S. at 418); *see also, e,g. Bumpus v. Bosma*, 121 F.3d 714 (9th Cir. 1997) ("When imposing [Rule 11] sanctions in civil rights cases, a court should be mindful of the potential chilling effects on civil rights plaintiffs who argue in good faith for the modification or extension of rights and remedies under § 1983.").  Accordingly, and for the reasons stated above, the City's motion is DENIED.  The Clerk of Court is directed to terminate ECF No. 34.

SO ORDERED.

Dated: September 30, 2022
      New York, New York

                                         JESSE M. FURMAN
                                      United States District Judge