```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
TORY LENZO,                                                       :
                                                                  :
                        Plaintiff,                                :   21-CV- 306 (JMF)
                                                                  :
            -v-                                                   :   MEMORANDUM OPINION
                                                                  :           AND ORDER
CITY OF NEW YORK,                                                 :
                                                                  :
                        Defendant.                                :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On September 13, 2023, Plaintiff submitted a letter addressed to the Chief Judge, a copy of which is attached to this Order, requesting that the Court "totally remove[]" this case from public records and/or that his name be redacted "in public court searches online and any other public records including the physical courthouse." The Chief Judge referred the request to the undersigned given that it pertains to an assigned case.

It is well established that "a presumption of immediate access [to judicial documents] applies under both the common law and the First Amendment." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 113 (2d Cir. 2006). "Public access to [judicial documents] allows the public to understand the activity of the federal courts, enhances the court system's accountability and legitimacy, and informs the public of matters of public concern. Conversely, a sealed complaint leaves the public unaware that a claim has been leveled and that state power has been invoked—and public resources spent — in an effort to resolve the dispute." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016). Before a court can grant requests to seal judicial documents, therefore, it must analyze each document under the

common law and First Amendment tests, making a particularized decision about whether sealing is both warranted and narrowly tailored to the interests justifying such sealing. *See Lugosch*, 435 F.3d at 119-20 (describing both tests and their document-specific factors).

In light of the foregoing, Plaintiff's request is DENIED. Plaintiff fails to demonstrate that the request is "essential to preserve higher values and is narrowly tailored to serve that interest," *Bernstein*, 814 F.3d at 144-45, as "[g]eneralized concerns of adverse publicity do not outweigh the presumption of access," *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 169 (S.D.N.Y. 2018) (internal quotation marks and alterations omitted). When, as here, a sealing request "refers to generalized 'privacy interests,' 'embarrassing conduct' and the overarching policy goals of maintaining confidentiality . . . [and] does not articulate what privacy interests [Plaintiff] holds, or how redactions or sealing would be narrowly tailored to achieve those interests," the allegations are insufficient to support sealing. *See id.* at 170 (citation omitted).

Accordingly, Plaintiff's request is DENIED. The Clerk is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: September 14, 2023
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

Justice Swain,

I am requesting that a ny federal case be totally removed from public records and or sealed and that my name is redacted full from a public record both online and in public court searches online or any other public records including the physical courthouse - tory lenzo vs city of new york et al 21CV00306 - in NY federal court. The backstory on this matter is an ex-girlfriend wrote a police report about me that lacked fact. Claimant had history as well of filing other family case which also lacked fact and was dismissed - proof enclosed. This case was sealed. Then a federal case was begun in order to show all the proofs of all the lies that occurred against me + holding the city at the time responsible for not utilizing MD5# analysis to check for the person's cropping of messages, authenticating information, and counting up simple statements made like text quantity allegation of which we proved through cell phone tower data was false so on so forth. You are welcome to cross reference the evidence we provided in the case against what was said about me as neede but i doubt you have time for this or desire - I will not bore you with all the details of what occurred unto me but suffice it to say case 1 was sealed and this is my rationale for why I am writing to you (initial case regarding the sealed record request sealed by barkat epstein attorney aida leisenring).

The city of new york in turn during the federal case made a sealed record request to view documents that are sealed which i have attached in this document. Now - the case has ended sadly i was unable to accomplish my ends in this case. However now since 7 websites and pacer have picked up the case online and are displaying it all over the internet which has been available on google upon searching my name (leagle.com, castext.com, law360.com, justia.com, pacer.gov, pacermonitor.com, courtlistener.com, unicourt.com. I have included some of the links. They have told me the only way to remove this information from the public eye is to contact the courts (info that is sealed regarding my initial situation). I do not believe i need to suffer further reputational damage throughout my life regarding this. Already - a new girlfriend searched my on google once to her alarm this situation which i really did not even do the things alleged of me anyways was very shocked this situation occurred. Future business associates may be alarmed at the situation without my ability (or desire) to explain the situation at whole and instead they may judge me off a quick glance online. I do not believe the sealed information should be for everyone to see. In turn I am requesting the case be either or removed from public view or sealed and also full name redaction. Also any letter stating the seal or removal so that the 8 websites remove the federal case online for good would be duly appreciated.

Some (not all) example urls harming my reputation:
https://www.pacermonitor.com/public/case/37901177/Lenzo_v_City_of_New_York
https://www.leagle.com/decision/infdco20210419c50
https://www.courtlistener.com/docket/29104035/lenzo-v-city-of-new-york/



Sincerely,
Tory Lenzo - 2034410872 - mailing address 16 greenwich ave greenwich ct 06830



| | The City of New York | |
|---|---|---|
| **JAMES E. JOHNSON**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | **WINNIFRED SIMPSON**<br>212-356-2341<br>Fax: 212-356-3509<br>wsimpson@law.nyc.gov |

April 15, 2021

Galen J. Criscione, Esq.
CRISCIONE RAVALA LLP
250 Park Avenue, 7th Floor
New York, NY 10077

        Re:  <u>Tory Lenzo v. The City of New York, et al 21CV00306</u>

Dear Mr. Criscione:

        On March 10, 2021, this office forwarded to your attention a "Designation of Agent for Access to Sealed Records Pursuant to NYCPL §§ 160.50 and 160.55," so that the records pertaining to the plaintiff's arrest could be unsealed and so that this lawsuit could proceed in a timely fashion. To date, we have received neither a signed designation nor a response to our previous letter.

        As you have been informed, until the executed designation is received by this office, we cannot secure the relevant documents. Consequently, we have been unable to properly assess this case, or to respond to the complaint or discovery requests. Your failure to promptly return this designation continues to delay this litigation. **Unless the executed and completed designation including the title of the proceeding, date of the arrest and docket or indictment number** is returned to this office within seven days of the date of this letter, we will make application to the Court for an order compelling the production of the executed designation.For your convenience, I have enclosed an other designation form. Thank you in advance for your prompt attention to this matter.

        Very truly yours,

        *W. Simpson Ugbekile*

        Winnifred Simpson
        Paralegal
        Special Federal Litigation Division

Enc.
cc:    Andrey Udalov
        Assistant Corporation Counsel

## DESIGNATION OF AGENT FOR ACCESS TO SEALED RECORDS PURSUANT TO NYCPL 160.50 AND 160.55

      I, Tory Lenzo, Date of Birth ____/____/____ SS# _____-_____ pursuant to CPL §§ 160.50 and 160.55, hereby designate JAMES E. JOHNSON, Corporation Counsel of the City of New York, or his authorized representative, as my agent to whom records of the criminal action terminated in my favor entitled <u>People of the State of New York v. Tory Lenzo</u>, Docket No. or Indictment No. _____, in _____ Court, County of _____, State of New York, relating to my arrest on or about December 6, 2018, may be made available.

      I understand that until now the aforesaid records have been sealed pursuant to CPL §§ 160.50 and 160.55, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

      I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL §§ 160.50 and 160.55.

      The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any court, police agency, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL §§ 160.50 and 160.55.

 

                                                               _____
                                                               Tory Lenzo

STATE OF NEW YORK      )
                                    : SS.:
COUNTY OF             )

On this _____ day of _____, 2021, before me personally came Tory Lenzo, to me known and known to me to be the individual described in and who executed the foregoing instrument, and he acknowledged to me that he executed the same.

                                                               _____
                                                               NOTARY PUBLIC

F.C.A.§§ 841(a)                                                                                                          8-7 8/2010

At a term of the Family Court of the State of New York, held in and for the County of New York, at 60 Lafayette Street, New York, NY 10013, on January 30, 2019

**PRESENT:**   Jacob K. Maeroff, Referee

In the Matter of a **Family Offense** Proceeding         **File #:**   300196
                                                          **Docket #:**   O-19415-18
**Isabell Gallant,**

                         Petitioner,         **ORDER OF DISMISSAL**

    - against -

**Tory J Lenzo,**

                         Respondent.

A petition under Article 8 of the Family Court Act, having been filed in this Court on November 1, 2018 for the following: Order of Protection;

The Petitioner having appeared with counsel; and the Respondent having not appeared;

**And the Court finds that after** examining the family offense and relationship allegations in the petition.

**It is hereby ordered that the petition is DISMISSED** for the following reason(s): the Petitioner withdrew the petition; and it is further

ORDERED that the petition herein is dismissed without prejudice and the temporary order of protection is vacated.

**Dated:** January 30, 2019                              **ENTER**

                                                         _[signature]_
                                                         20190130155713JMAEROFF49D07418D25248239887FA5BC9051D7D

                                                         **Jacob K. Maeroff, Referee**

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE ATTORNEY FOR THE CHILD UPON THE APPELLANT, WHICHEVER IS EARLIEST.

**Check applicable box:**
☐ Order mailed on [specify date(s) and to whom mailed]:_____
☐ Order received in court on [specify date(s) and to whom given]:_____